UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

KEVIN DERR,

     Plaintiff,

v.

UNIVERSITY OF TAMPA,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, KEVIN DERR ("Mr. Derr" or "Plaintiff") files this Complaint against Defendant, UNIVERSITY OF TAMPA ("UT" and/or "Defendant"), and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), Chapter 760 of the Florida Civil Rights Act ("FCRA"), and Florida Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory

and injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND PARTIES

2.      This Court has original jurisdiction over Plaintiff's ADA and FMLA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as his ADA and FMLA claims.

3.      At all times relevant hereto, Plaintiff was an employee of Defendant.

4.      Plaintiff worked for Defendant in Hillsborough County, Florida, and this venue is therefore proper.

5.      Defendant UT is located and doing business in Hillsborough County, Florida, and are therefore within the jurisdiction of the Court.

6.      Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

        a.      Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of Plaintiff's disability or "perceived disability" by Defendant; and

        b.      Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as

a result of Plaintiff's disability or "perceived disability."

7.    Defendant was at all times "employer" as envisioned by the ADA as well as the FCRA and FWA.

8.    At all times relevant hereto, Defendant is covered by the FMLA, because it engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9.    At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## CONDITIONS PRECEDENT

10.    On or around March 4, 2022, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11.     More than 180 days have passed since the filing of the Charge of Discrimination.

12.     On December 9, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

13.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

14.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15.     Mr. Derr worked for UT as an Assistant Men's Lacrosse Coach from September 15, 2018, until his termination on September 23, 2021.

16.     Unfortunately, throughout his tenure, Mr. Derr learned that Head Lacrosse Coach, Rory Whipple ("Mr. Whipple"), engaged in violent, inappropriate, and unlawful behavior with UT's lacrosse student athletes.

17.     When Mr. Derr objected to Defendant regarding Mr. Whipple's illegalities, UT ratified Mr. Whipple's actions, then retaliated against Mr. Derr causing him to experience severe distress and a flare-up of his protected disabilities.

18.     Thereafter, when Mr. Derr requested to engage in protected medical leave due to the retaliation he suffered, UT terminated his employment.

19.     Accordingly, Mr. Whipple, in his capacity as a Head Coach, pushed and physically confronted a UT student athlete in a violent manner.

20.     Around six (6) weeks before the start of the 2021 NCAA Playoffs, Mr. Whipple violently pushed a student athlete, John Doe.

21.     Around May 16, 2021, several members from UT's lacrosse team confided in Mr. Derr, and disclosed the violent and harassing actions that Mr. Whipple undertook against the students in his capacity as coach.

22.     Disturbed by Mr. Whipple's unlawful actions, Mr. Derr objected to Assistant Athletic Directors, Jennifer Alger and Tom Kolbe.

23.     In addition to Mr. Derr's objections, around eight (8) UT student athletes also objected to Mr. Whipple's violent and unlawful activity, yet UT failed to take any prompt remedial action.

24.     Instead, Mr. Whipple was left free to torment students through aggressive and violent means creating an unsafe environment.

25.     After failing to remedy or discipline Mr. Whipple, another student, Jack Doe, came forward to UT and objected that he had seen that Mr. Whipple stored/watched pornography in his work computer.

26.     To make matters worse, another student objected to UT and stated that Mr. Whipple had shown him a picture of his wife (on his work phone) wherein she appeared completely nude and holding a sex toy.

27.     Although Mr. Whipple eventually resigned, Mr. Derr overheard him say to Athletic Director, Larry Marfise that, "if I'm gone, Kevin better be gone as well," to which Mr. Marfise responded "Ok."

28.     Mr. Marfise began repeatedly prodding Mr. Derr regarding his intentions to work the following year.

29.     Subsequently, both Mr. Marfise, and new Head Coach, J.B. Clarke ("Mr. Clarke"), engaged in a pattern of retaliation and harassment designed to push out both Mr. Derr and any UT student athlete who objected to unlawful activity, discrimination, and harassment, in violation of the law.

30.      For example, Mr. Clarke told Mr. Derr that Marc (a Black UT student athlete), "will never play for [UT]," that "[UT] need[s] to recruit more Black players," and "the reason Black players are so prevalent in the NFL, it's because we (white people) cross-bred them to be farmers."

31.     Mr. Clarke's disgusting racist statements are direct evidence of race discrimination in violation of Title VI.

32.     By September 2021, the retaliatory, discriminatory, and toxic environment at UT had become unbearable.

33.     As such, on September 15, 2021, Mr. Derr objected, via email to UT upper management - Leander Hamilton, Jennifer Alger, and Donna Popovich – and

detailed the unlawful retaliation he had suffered at the hands of his superiors, and the negative effects it had on his disabilities.

34.     Two days later, Mr. Derr, who suffers from diabetes and anxiety disorder, started experiencing blood sugar spikes, splitting migraines, and heightened blood pressure.

35.     So intense and visible were his symptoms, that Mr. Clarke instructed Mr. Derr to go home for that day and recover.

36.     Subsequently, on September 20, 2021, Mr. Marfise, suddenly confronted Mr. Derr regarding his written objections, physically tried to grab his hand, and attempted to forcefully ferry him to Mr. Marfise's office.

37.     Shocked, Mr. Derr refused to meet with Mr. Marfise alone due to his fear of retaliation.

38.     When Mr. Marfise heard Mr. Derr's refusal, Mr. Marfise told Mr. Derr that he "needed to leave."

39.     Through the subsequent tirade, Mr. Marfise revealed that he had covered up a litany of unlawful and unethical activity at UT.

40.     Immediately, Mr. Derr objected to Human Resources ("HR") and within a couple days requested a leave of absence to treat his disabilities and serious health condition.

41.     Accordingly, on September 22, 2021, UT began to retaliate against Mr. Derr by unexpectedly shutting down his email access.

42.     The next day, on September 23, 2021, as Mr. Derr was driving to be with his family to seek treatment, UT sent him a separation notice listing vague accusations of "insubordination" and "rudeness."

43.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

44.     In reality, Defendant's termination of Mr. Derr stemmed from its discriminatory animus toward his very recent request for accommodation under the ADA and FCRA, his objections regarding Defendant's illegal activities, and his recent use of what should have been protected FMLA leave.

45.     Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102, and qualified Mr. Derr as a whistleblower under the law.

46.     The timing of Plaintiff's termination makes the causal connection between his request for reasonable accommodation under the ADA and FCRA, his objections regarding discrimination and Defendant's illegal actions, him engaging in protected activity under the FMLA, and his termination sufficiently clear.

47.     Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA, FCRA, FWA and FMLA, were intended to prevent.

48.     Any reason provided by Defendant for its actions is a pretext for discrimination.

49.     UT's adverse employment action recounted herein was taken in interference with, and retaliation for, Mr. Derr disclosing his serious health condition, and utilizing what should have been FMLA leave to treat and address same.

50.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

51.     The timing of Plaintiff's use of protected FMLA leave, or what should have been FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

52.     Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for him engaging in protected activity under the FMLA.

53.     The person to whom Plaintiff voiced his objections to Defendant's discrimination and illegal activity was a decision-maker in terms of retaliating against Plaintiff by terminating his employment.

54.     The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and FCRA.

55.     Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for reasonable accommodation.

56.     An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

57.     Mr. Derr is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as Assistant Men's Lacrosse Coach.

58.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

59.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

60.     Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

61.     At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

62.     Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

63.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

64.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant' attitude toward the impairment.

65.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

66.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is protected class member as envisioned by the ADA and the FCRA.

67.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

68.     Defendant did not have a good faith basis for its actions.

69.     As a result of Defendant' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

70.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

71.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 29, 28 through 44, 46 through 48, and 53 through 70 above.

72.     The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

73.     The discrimination to which Plaintiff was subjected was based on his disabilities and/or "perceived disabilities."

74.     The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75.     Plaintiff has suffered damages as a result of Defendant' illegal conduct toward him.

76.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

77.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

78.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 29, 28 through 44, 46 through 48, and 53 through 70 above.

79.     The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

80.    The discrimination to which Plaintiff was subjected was based on his disabilities/handicaps, or "perceived disabilities."

81.    The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

82.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

83.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

84.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

85.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 29, 28 through 44, 46 through 48, and 53 through 70 above.

86.     Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

87.     Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

88.     Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

89.     Plaintiff's protected activity, and his termination, are causally related.

90.     Defendant's stated reasons for Plaintiff's termination are a pretext.

91.     The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92.     The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

93.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

94.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**COUNT IV**</u>
**<u>RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT</u>**
**<u>BASED ON DISABILITY</u>**

95.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 29, 28 through 44, 46 through 48, and 53 through 70 above.

96.     Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

97.    Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

98.    Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

99.    Plaintiff's protected activity, and his termination, are causally related.

100.   Defendant's stated reasons for Plaintiff's termination are a pretext.

101.   The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

102.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

103.   Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

104.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT V**
**INTERFERENCE UNDER THE FMLA**

105.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 9, 15 through 18, 28 through 44, 46 through 53 and 68 through 70, above.

106.    At all times relevant hereto, Plaintiff was protected by the FMLA.

107.    At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise Mr. Derr of his rights and responsibilities under the FMLA.

108.    Due to Defendant's refusal to do so Defendant denied Plaintiff FMLA benefits he was otherwise entitled to.

109.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

110.    As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

111.   As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI
## RETALIATION UNDER THE FMLA

112.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 9, 15 through 18, 28 through 44, 46 through 53 and 68 through 70, above.

113.   At all times relevant hereto, Plaintiff was protected by the FMLA.

114.   At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

115.   At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

116.   At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take leave pursuant to the FMLA.

117.   As a result of Defendant' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant

to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

118.   As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT VII**
**FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION**

119.   Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

120.   On September 23, 2021, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

121.   Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant, and/or for refusing to participate in same.

122.   Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, and/or refused to

participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

123.   As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 6th day of March, 2023.

Respectfully Submitted,

By: */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
  RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com